UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **JAMIE E. TYLER,** | : | **CIVIL ACTION NO.** |
| Plaintiff | : | |
| v. | : | |
| | : | |
| **TARRAGON MANAGEMENT, INC.** | : | |
| **a/k/a TARRAGON CORPORATION** | : | |
| Defendant | : | **APRIL 21, 2010** |

## COMPLAINT

**I.   INTRODUCTION**

1.   This is an action for compensatory damages, liquidated damages, punitive damages, and attorney's fees and costs, arising out of Defendant's violations of Plaintiff's rights under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA").

**II.   THE PARTIES**

2.   Plaintiff, Jamie E. Tyler, is an individual residing in San Antonio, Texas and is an eligible employee as that term is defined in 29 U.S.C. § 2611(2). Plaintiff is also entitled to the protection of the ADA, as she can satisfy the requirements of 42 U.S.C. § 12102(1), in that she has a physical impairment that substantially limits one or more major life activities, or she has a record of such an impairment, or Defendant regarded her as having such an impairment.

3.   Defendant, Tarragon Management, Inc. a/k/a Tarragon Corporation, is a foreign corporation organized under the laws of the State of Texas, that transacts business in the State of Connecticut. Its business address is 346 Quinnipiac Street, 3rd Floor, Wallingford, CT 06492. Defendant employs more than seventy-five (75) employees, and it is an employer subject to the ADA.

### III. JURISDICTION

4. The United States District Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because it presents a federal question under the ADA.

5. Plaintiff filed a charge of discrimination with the Equal Employment Opportunities Commission ("EEOC") claiming violations of the ADA. Said charge was designated as EEOC No. 16A-2008-00068. The EEOC issued a right to sue letter with respect to said charge of discrimination on or about January 22, 2010, and said right to sue was received on January 25, 2010. Plaintiff is commencing this action within 90 days of receiving said right to sue.

### IV. BACKGROUND

1. Plaintiff began working for Defendant on February 8, 2005 as a Leasing Consultant. During her employment, Plaintiff worked at one of Defendant's properties, Lofts at the Mills located at 91 Elm Street, Manchester, Connecticut.

2. Plaintiff suffers from clinical depression, anxiety, and bi-polar disorder, for which she takes prescribed medication and for which she has been hospitalized.

3. Plaintiff has a record of disability and was perceived by Defendant as disabled.

4. On May 19, 2007, Plaintiff went out on a medical leave of absence due to her clinical depression. Said leave of absence qualified for and was treated by Defendant as a leave of absence pursuant to the State and Federal Family and Medical Leave laws.

5. Plaintiff obtained a clearance from her physician and returned to work on or about June 18, 2007.

6. On July 31, 2007, Plaintiff experienced a serious medical episode. Plaintiff's employer was notified of her inability to report to work on that day. She contacted her physician to set up an appointment in order to obtain a doctor's note.

7. Plaintiff spoke with another physician's office during the afternoon of August 1, 2007, and advised them of her medical condition. She was advised to go to the emergency room as soon as practicable and check herself into the hospital.

8. On the following day, Plaintiff went to the Manchester Memorial Hospital emergency room and was admitted to the hospital for treatment. Repeated messages were left with Defendant that Plaintiff was hospitalized.

9. Plaintiff was not released from the hospital until August 10, 2007.

10. On or about August 3, 2007, one day after being admitted to the hospital, Defendant terminated Plaintiff's employment.

11. Upon information and belief, in Plaintiff's absence, other employees have performed her job responsibilities. These other employees are not disabled or regarded as disabled, and/or have not taken medical leaves of absence for serious health conditions.

12. Defendant has also treated Plaintiff less favorably than other employees who are not disabled or regarded as disabled, and/or have not taken medical leaves of absence for serious health conditions.

13. Defendant has engaged in a pattern and practice of discriminating against individuals who suffer from serious health conditions, and/or who are disabled or regarded as disabled.

14. Therefore, Plaintiff is not only seeking to vindicate her own personal interests; she is pursuing these claims as part of an overall effort to correct Defendant's unlawful employment practices that adversely impact other employees as well.

**COUNT ONE:** **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

15. Based on the foregoing, Defendant discriminated against Plaintiff on the basis of disability, or perceived disability, in violation of the ADA, 42 U.S.C. § 12101 *et seq.*

16. Defendant also retaliated against Plaintiff in violation of the ADA because Plaintiff exercised her rights, and opposed Defendant's discriminatory employment practices.

17. Defendant also failed to engage Plaintiff in a good faith interactive process, and failed to comply with its obligations to provide Plaintiff with a reasonable accommodation.

18. Defendant acted with malice or reckless indifference to Plaintiff's rights, or an intentional and wanton violation of Plaintiff's rights, thereby entitling Plaintiff to punitive damages.

19. Plaintiff has suffered damages, including, but not limited to, lost wages, lost employment benefits, emotional distress, loss of enjoyment of life, and depletion of personal savings.

20. Plaintiff has also incurred, and will continue to incur, attorney's fees and costs.

**WHEREFORE**, Plaintiff claims A TRIAL BY JURY, judgment against the Defendant and:

1. Compensatory damages, including, but not limited to, lost wages, lost employment benefits, emotional distress, loss of enjoyment of life, and depletion of personal savings;

2. Punitive Damages pursuant to 42 U.S.C. § 1981a

3. Liquidated damages pursuant to 29 U.S.C. § 2617;

4. Attorney's fees and litigation costs pursuant to 29 U.S.C. § 2617 and 42 U.S.C. § 12117;

5. Interest; and

6. Such other relief in equity or law that may pertain.

PLAINTIFF, Jamie Tyler

By: *(signature)*
William G. Madsen, Esq. (ct09853)
Madsen, Prestley & Parenteau, LLC
44 Capitol Avenue, Suite 201
Hartford, CT 06106-1794
Tel.  (860) 246-2466  Fax. (860) 246-1794
wmadsen@mppjustice.com